Plaintiff resisted the motion, upon the grounds set out in his affidavit, which was as follows:
W. H. Rowland, being duly sworn, says:
"1. The above-entitled action was begun by him in the fall of the year 1891, and after the order of reference and report of referee, and the judgment rendered thereon in the action by Bryan, J., at the May Term, 1892, of this court, declaring what part of the fund then deposited in court in said action belonged to affiant, affiant applied to the clerk for his part of said fund. The said clerk declined at first to pay it, but afterwards, notice of a motion for an order requiring him to pay the same having been served on him by plaintiff, he concluded to pay, and did, about 10 October, 1892, pay to affiant the money adjudged to belong to affiant in said action.
"2. The defendant association did not, in their pleadings in said action or otherwise, seek or claim to recover on their mortgage in said *Page 110 
action any more than $75 in excess of what plaintiff conceded they were entitled to have. By the judgment of the Superior Court in said action they recovered said additional $75, plaintiff being the only contestant therefor, and the same was paid to them and they accepted it.
"3. This affiant nor the defendant association did not appeal from said judgment, but T. M. Pittman, one of the parties, did, though not from that part of it affecting plaintiff nor defendant, in so far as it directed the disbursement of said fund in court, or was supposed to affect it.
"4. Afterwards, said association having withdrawn the money ($75) to which it was entitled, hearing that plaintiff was (175) moving for a rule upon the clerk to require the payment to plaintiff of the amount due him, gave notice to plaintiff's counsel of a motion to be made before Judge Brown, then presiding, hereto attached, to modify and alter the judgment of Judge Bryan in the respect mentioned in said notice, and defendant association made said motion before Judge Bryan at October Term, 1892, and plaintiff, by his counsel, opposed it, and his Honor declined to allow the same, and no appeal was taken therefrom by the defendant association.
"5. Afterwards the Supreme Court affirmed the judgment of the Superior Court in said cause, in so far as it directed the payment of said money into court. This was about January, 1894; and affiant submits to the court that the judgment of Judge Bryan, unappealed from by plaintiff or said defendant, the refusal of Judge Brown, on motion, to modify it or to order the clerk to hold the money (this order of Judge Brown declining the motion was not reduced to writing), the payment of the said funds to plaintiff and defendant association, and the subsequent affirmation of said judgment by the Supreme Court (115 N.C. p. 825), vested in affiant the right and title to said fund, and that he ought not and cannot now be required to pay it to said defendant.
"6. That the question as to the right to said fund was not appealed to the Supreme Court, and the point in relation thereto was not, as affiant is informed, raised by said appeal, and this court ought not now to make any order requiring the return of said fund by this affiant. Wherefore, affiant prays the court to decline the motion for judgment against this affiant for $130."
The affidavit of Henry Perry, clerk of the Superior Court, (176) was offered by the Old Dominion Building and Loan Association, and was as follows:
Henry Perry, being duly sworn, says: That he was Clerk of the Superior Court of Vance County during the pendency of the above-entitled action, until December, 1894, and as such clerk received and *Page 111 
disbursed the funds paid into court in that action; that on or about 10 October, 1892, he paid T. T. Hicks, Esq., attorney for plaintiff, the sum of $150.65 out of said fund, under the following circumstances: "An appeal had been taken from the judgment of this court by Thomas M. Pittman, trustee of T. A. Noell, and pending such appeal the plaintiff applied to affiant for the money in his hands, less the amount adjudged to be paid the defendant association, and certain costs and expenses and taxes adjudged to be paid; that H. T. Watkins, Esq., then attorney for said association, opposed such payment, upon the ground that the action of the Supreme Court upon such appeal might necessitate a different application of the fund than that prescribed in the judgment appealed from. Upon such objection, affiant declined to pay out the fund to plaintiff until it was agreed that plaintiff would secure the repayment of said sum into court if repayment thereof should be adjudged in the further progress of the action, and pursuant to such agreement T. T. Hicks became surety for such repayment, and the money was paid to T. T. Hicks, as attorney for plaintiff, as before set out; that the receipt for said money and the written agreement of suretyship of said T. T. Hicks have been mislaid and cannot at this time be produced by affiant; that such payment was not made pursuant to any order of court made at that time, but pursuant to the orders and judgment previous to the appeal to the Supreme Court; that no order was made by Judge Brown giving affiant any direction whatever as to the disbursement of said fund, and no order was named in the cause from the time of (177) the appeal, but Judge Brown did read the judgment of JudgeBryan, and said to me that there was no reason why I should not pay out the money under the order of the court, but when the contract of plaintiff and defendant's attorneys was mentioned to him he said he had nothing to do with that part of the controversy, and that Watkins should get an injunction if he wanted the money to remain in the clerk's office. Then, after a talk with plaintiff's attorney, they agreed to refund the money if the court ordered it returned, whereupon I paid it out. Mr. Watkins, attorney for the Old Dominion Building and Loan Association, afterwards collected the part that was adjudged due the association."
His Honor rendered the following judgment:
"This cause coming on to be heard upon the motion of the defendant, the Old Dominion Building and Loan Association, for Judgment against the plaintiff and his surety for the return of funds paid to the plaintiff, according to the certificate of the Supreme Court, and it appearing to the court that on or about 10 October, 1892, the clerk *Page 112 
of this court paid over to plaintiff, of funds in his hands, which had been paid into court to await the determination of this action, the sum of $150.65, taking surety for the return thereof, if return should be adjudged, and it appearing that T. T. Hicks was such surety; and it further appearing that the Supreme Court has so modified said judgment as to require the repayment of $130 of said sum from the plaintiff to the defendant, the Old Dominion Building and Loan Association, it is now, on motion of Thomas M. Pittman, attorney for the Old Dominion Building and Loan Association, considered and adjudged that the defendant, the Old Dominion Building and (178) Loan Association, recover of the plaintiff, W. H. Rowland, and T. T. Hicks, his surety, the sum of $130, with interest thereon from 10 October, 1892, and the costs of this motion and judgment, to be taxed by the clerk."
From this judgment the plaintiff appealed.
When this case was first before this Court (Rowlandv. B. and L. Association, 115 N.C. 825) it was decided that stock of Noell was not bought in by the company and canceled by the alleged assignment to the defendant building and loan association executed by Noell on 7 July, 1890, as contended by the association, and that the stock belonged to the defendant Pittman, the assignee of Noell. When that opinion was delivered the Court was (owing to the manner in which the case was presented on appeal) inadvertent to the fact that $130 had been credited as a payment on the stock at the time of the referee's report. This inadvertence was pointed out in the petition to rehear by the defendant. The petition to rehear was allowed, and the judgment below was ordered to be reformed, as appears in this case, Rowland v. B. and L. Association, 116 N.C. 877. At October Term, 1895, of the court below, the judge followed the instructions of this Court and rendered judgment accordingly. From that judgment the plaintiff appealed. It is not necessary to discuss each of the exceptions pointed out in the record. It was contended by the plaintiff's attorney, by brief, that "this Court based its modification of the former opinion on a statement of fact contained in the defendant's petition to rehear, which statement is contrary to the sworn statement of the defendant's answer and statement of (179) account." The counsel is in error. Although in the statement of account made up by the referee it appears that $130 was collected on the debt, yet it is perfectly manifest from the complaint and *Page 113 
answer and the report of the referee that nothing but the interest had been paid on the debt up to 20 September, 1891, and that the $130 went to the stock account of Noell. Upon the whole record (we mean complaint, answer and referee's report) we have concluded, under the peculiar circumstances of this case, to send the matter back to the court below for a reformation of the judgment rendered in this case by Judge McIver at Fall Term, 1895. A judgment should be rendered against the plaintiff and his surety, T. T. Hicks, for $130, less $36 arrearages and $6 fines, which were charged in favor of the defendant company against Noell, with interest on the balance from the last Monday in September, 1895, the beginning of the term of this Court, at which the case was heard on the petition to rehear.
Modified and Affirmed.